Roger L. MacBRIDE et al., Appellants,

v.

Shirley HASSLER, etc., et al., Appellees.

Supreme Court of Tennessee.

Sept. 29, 1976.

Philip M. Carden, Nashville, for appellants.

Robert B. Littleton, Asst. Atty. Gen., for appellees; Nashville, R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HENRY, Justice.

This mandamus action instituted by parties who assert that they are the Libertarian Party candidates for the offices of President and Vice-President of the United States, their Tennessee electors, and certain party members, seeks to compel the State Coordinator of Elections, the Secretary of State and the State Election Commission to cause their names to be listed on the November General Election Ballot in accordance with § 2–514(g), T.C.A.

The Chancellor decided the issues adversely to plaintiffs and this appeal ensued. We granted a motion to expedite because of the proximity of the forthcoming general election and the importance of a timely decision in an area affecting the public interest.

## I

On June 3, 1976 plaintiffs filed with the State Election Commission (1) Certifications of a Libertarian Party[1] nominees, Roger L. MacBride and David Bergland, for President and Vice-President of the United States respectively; (2) a certification of the nomination of the Libertarian Party electors; (3) petitions for the nomination of the same parties as a slate of electors pledged to vote for MacBride and Bergland as independent candidates; (4) petitions for the nomination of the same persons individually and separately, and (5) a cover letter to the Commission requesting that the elector slate be listed on the November General Election Ballot as party delegates under § 2–514(g), or in the alternative that they be listed as independent candidates pledged to MacBride and Bergland.[2]

Liberally construed, the complaint alleges that these petitions and certifications were determined to be insufficient to accomplish their intended purpose.

Plaintiffs rely upon § 2–104(13), T.C.A. which reads as follows:

'Political party' means an organization which nominates candidates for public office.

They further rely upon § 2–514(g) T.C.A. which provides:

(g) The names of presidential electors shall be arranged in groups, according to political parties, and preceded by the words, "Electors for (giving the name) candidate for President and for (giving the name) candidate for Vice-President" so that the voter can vote for the entire group of electors chosen by any political party by making a cross mark (X) or operating a single lever on a voting machine opposite the words at the head of the group of electors, which words revealed the name of the candidates for president and vice-president of the particular political party whom such group of electors is pledged to support.

Plaintiffs allege that "no provisions may be found elsewhere in the Election Code to provide for any procedure by which political parties may qualify the electors . . . so that they may be listed in accordance with T.C.A. § 2–514(g), supra, nor is there any statutory provision for the qualification of independent candidates for electors . . . so as to allow substantial compliance with T.C.A. § 2–514(g)." From this major premise they reason that the above cited code sections "require that the defendants accept the certification of the individual plaintiffs", as tendered, and list them on the ballot as prescribed by T.C.A. § 2–514(g).

Thus, a clear and simple case of statutory construction is presented as opposed to a constitutional issue although the complaint, in a vague and nebulous manner, suggests various state and federal constitutional infirmities.

---

1. This party's nominees have never appeared on the ballot in Tennessee.

2. Copies of these petitions and certifications do not appear in the record. We, therefore, make no value judgment as to their efficacy.

## II

Tennessee's election laws, like Topsy, "just growed" until they finally reached a point that there were out-moded, chaotic and unworkable. In 1972 the General Assembly adopted a comprehensive and uniform Election Code. [Acts 1972 (Adj.S.) Ch. 740] which is codified in § 2–101, et seq., T.C.A. All elections are conducted under this Code. § 2–103, T.C.A.

Since this Code governs *all* elections from constable to congressman to presidential electors, the phraseology used must be read in context. § 2–104(13) defines a "political party" to mean "an organization which nominates candidates for public office". A subsequent sub-paragraph, (27) defines "Statewide political party". Other provisions of the Code refer to a local political party. See e.g., § 2–1301(b)(2).

█ It logically follows that there are two categories of political parties, viz "statewide" and "local". There is no merit in appellants' insistence that the broad generalized definition contained in § 2–104(13) T.C.A. is applicable. This suit concerns *statewide* political parties.

Any analysis of the pertinent provisions of the Election Code must start with—or necessarily include as a focal point—§ 2–1301, T.C.A. which reads, in part, as follows:

(a) No person's name may be shown on a ballot as the nominee of a political party for the offices named in § 2–1314 *or for any office voted on by the voters of more than one county* unless the political party

(1) is a *statewide political party* and

(2) has nominated him substantially in compliance with this chapter. (Emphasis supplied).

We advert to § 2–104(27) for a definition of "Statewide political party" and find that it means either:

(a) A political party at least one of whose candidates for an office to be elected by voters of the entire state in the past four (4) calendar years has received a number of votes equal to at least five per cent (5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor, or

(b) For one (1) year after petitioning successfully, a political party which has a membership equal to at least two and one half per cent (2½%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor as shown by petitions to establish a political party filed with the coordinator of elections and signed by registered voters as members of the party and certified as to registration of the signers by the county election commissions of the counties where the signers are residents.

█ We, therefore, hold that in order for an existing statewide party to continue its recognition under the Tennessee Election Code, at least one of its candidates for statewide office must receive at least five per cent (5%) of the total number of votes cast for gubernatorial candidates in the last preceding general election. For a new party to attain recognition it must file a petition with the coordinator of elections, bearing the signature of party members in a number equalling two and one-half (2½) per cent of the total votes cast in the last preceding gubernatorial election.[3]

█ The complaint is strangely silent as to whether the Libertarian Party has filed the required petition under Tennessee Law. We infer from the admissions of the brief that no such petition has been filed. In either event the record does not show that this essential step was taken.

We, therefore, hold that absent this mandatory statutory requirement the presidential electors of the Libertarian Party are not entitled to have their names appear on the ballot under the provisions of § 2–514(g).

3. In the 1974 gubernatorial contest, 1,040,714 votes were cast. See Tennessee Blue Book, 1975–1976. For an uncertified party to qualify it must submit a petition signed by 26,018 registered party members. (2½% of 1,040,714). We note that Tennessee has 1,958,715 registered voters. See the Book of the States, 1976–1977, page 213.

**594**

## III

■ The placement of the names of independent candidates upon the ballot is governed by other sections of the Election Code. Section 2–504 provides:

Candidates who are not to be placed on ballots as nominees of a political party shall be known as 'independent candidates.'

Section 2–514(c), T.C.A. provides:

On general election ballots, the name of each political party having nominees on the ballot shall be listed at the top of the columns, with the listing of the candidates' names underneath. The names of independent candidates for the same office shall be listed in the independent column alphabetically, according to the initials of their surname, beginning with the first initial.

It results that the Libertarian Party electors, being "independent candidates", must be placed on the ballot, in alphabetical order, along with all other independent candidates, and in the "independent column."

## IV

We do not reach the constitutional issue because it is not properly pleaded. We note, however, from the Chancellor's Memorandum Opinion in the instant case, the following:

The requirements of the Tennessee Election Code to obtain a position on the ballot for statewide offices have been upheld as reasonable. *Tennessee Libertarian Party, et al. v. Democratic Party of Tennessee, et al.,* A–5881, Memorandum filed Jan. 27, 1976, which is *incorporated herein by reference.* (Emphasis supplied).

The Memorandum of January 27, 1976 was not a part of the record on appeal; however, we have caused it to be certified to this Court and have examined it. In disposing of the Libertarian Party's challenge of the constitutionality of § 2–1301 and § 2–104(27), Chancellor Cantrell said:

It is the opinion of the Court in this case that the requirements written into the Tennessee Election Code to obtain a position on the ballot for statewide offices are reasonable and do not invidiously discriminate against minority parties.

Thus the Libertarian Party has already had an adverse judgment of a competent court upon its claim that these procedures are constitutionally infirm. No appeal was perfected.

This bolsters our conclusion that the only issue presented in the present controversy was one of statutory construction. We do not believe counsel sought to re-litigate a foreclosed issue.

The judgment of the Chancellor is

Affirmed.

COOPER, C. J., and FONES, HARBISON, and BROCK, JJ., concurring.

